PER CURIAM:
This cause came on to be considered by this Court after due notice and oral argument. Upon consideration of the petition, it is
Ordered that Rule 1.860, Florida Rules of Criminal Procedure, 33 F.S.A., be and the same is hereby repealed. It is further
Ordered that Article XVIII of the Integration Rule of The Florida Bar (206 So.2d 3) be and the same is hereby stricken from said Rule and a new Article XVIII, reading as follows, is hereby adopted and approved, viz:
ARTICLE XVIII
LAW SCHOOL CIVIL AND CRIMINAL PRACTICE PROGRAM
I. Purpose
The bench and the bar are primarily responsible for providing competent legal services for all persons, including those unable to pay for these services. As one means of providing assistance to lawyers who represent clients unable to pay for such services and to encourage law schools to provide clinical instruction in trial work of varying kinds, the following rule is adopted:
II. Activities
A. An eligible law student may appear in any court or before any administrative tribunal in this State on behalf of any indigent person if the person on whose behalf he is appearing has indicated in writing his con *692 sent to that appearance and the supervising lawyer has also indicated in writing approval of that appearance. In such cases the supervising lawyer must be personally present throughout the proceedings (except in cases where the discretion of the supervising attorney dictates otherwise and the defendant does not have the right to the assignment of counsel under any constitutional provision, statutor rule, and the written consent of the client is obtained and filed with the Court) and shall be fully responsible for the manner in which they are conducted.
B. An eligible law student may also appear in any criminal matter on behalf of the State with the written approval of the prosecuting attorney or his authorized representative and of the supervising lawyer.
C. In each case the written consent and approval referred to above shall be filed in the record of the case and shall be brought to the attention of the judge of the court or the presiding officer of the administrative tribunal.
D. The Board of Governors shall fix the standards by which indigency is determined under this rule upon the recommendation of the largest voluntary bar association located in the circuit in which a program is implemented hereunder.
III. Requirements and Limitations
In order to make an appearance pursuant to this rule, the law student must:
A. Be duly enrolled in the United States in a law school approved by the American Bar Association.
B. Have completed legal studies amounting to at least four (4) semesters, or the equivalent if the school is on some basis other than a semester basis.
C. Be certified by the dean of his law school as being of good character and competent legal ability, and as being adequately trained to perform as a legal intern.
D. Be introduced to the court in which he is appearing by an attorney admitted to practice in that court.
E. Neither ask for nor receive any compensation or remuneration of any kind for his services from the person on whose behalf he renders services, but this shall not prevent a lawyer, legal aid bureau, law school, public defender agency, or the state from paying compensation to the eligible law student (nor shall it prevent any agency from making such charges for its services as it may otherwise properly require).
F. Certify in writing that he has read and is familiar with the Code of Professional Responsibility as adopted by this court and will abide by the provisions thereof.
IV. Certification
The certification of a student by the law school dean:
A. Shall be filed with the Clerk of this Court and, unless it is sooner withdrawn, it shall remain in effect until the expiration of eighteen (18) months after it is filed, or until the announcement of the results of the first bar examination following the student’s graduation, whichever is earlier. For any student who passes that examination, the certification shall continue in effect until the date he is admitted to the bar.
B. May be withdrawn by the dean at any time by mailing a notice to that effect to the Clerk of this Court. It is not necessary that the notice state the cause for withdrawal.
C. May be terminated by this Court at any time without notice or hear *693 ing and without any showing of cause. Notice of the termination may be filed with the Clerk of the Court.

V.Other Activities

A.In addition, an eligible law student may engage in other activities, under the general supervision of a member of the bar of this Court, but outside the personal presence of that lawyer, including:
1. Preparation of pleadings and other documents to be filed in any matter in which the student is eligible to appear, but such pleadings or documents must be signed by the supervising lawyer.
2. Preparation of briefs, abstracts and other documents to be filed in appellate courts of this State, but such documents must be signed by the supervising lawyer.
3. Except when the assignment of counsel in the matter is required by any constitutional provision, statute or rule of this Court, assistance to indigent inmates of correctional institutions or other persons who request such assistance in preparing applications for and supporting documents for post-conviction relief. If there is an attorney of record in the matter, all such assistance must be supervised by the attorney of record, and all documents submitted to the Court on behalf of such a client must be signed by the attorney of record.
4. Each document or pleading must contain the name of the eligible law student who has participated in drafting it. If he participated in drafting only a portion of it, that fact may be mentioned.
B.An eligible law student may participate in oral argument in appellate courts, but only in the presence of the supervising lawyer.
VI. Supervision
The member of the bar under whose supervision an eligible law student does any of the things permitted by this rule shall:
A. Be a lawyer whose service as a supervising lawyer for this program is approved by the dean of the law school in which the law student is enrolled and who is a member of The Florida Bar in good standing.
B. Assume personal professional responsibility for the student’s guidance in any work undertaken and for supervising the quality of the student’s work.
C. Assist the student in his preparation to the extent the supervising lawyer considers it necessary.
VII. Miscellaneous
Nothing contained in this rule shall affect the right of any person who is not admitted to practice law to do anything that he might lawfully do prior to the adoption of this rule.
This Rule shall become effective upon being filed in the office of the Clerk of this Court.
ERVIN, C. J., ROBERTS, DREW, CARLTON and BOYD, JJ., JOHNSON, District Court Judge and HODGES, Circuit Judge, concur.